

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Affirmed by *1-9/2*

Honorable Cleveland Davis
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:

Opinion No. O-5061
Re: Action of commissioners' court
of Brazoria County in raising
salary of District Clerk is
valid under facts stated.

Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

"On January 11, 1943 the Commissioners' Court of
Brazoria County met to consider the setting of salaries
of County Officials. On that day action was postponed
till a later date in the term pending receipt from you
of an opinion regarding salaries which had been requested.
On Friday, January 15th, this opinion from you was re-
ceived by telephone and the matter of salaries was taken
up and salaries for the several County Officials were set.
On this said Friday the District Clerk, not having been
advised in advance of the date of said meeting was not in
town and her salary was set without the Court having heard
from her. On Monday, January 18th, she returned and
requested a hearing which was given her on Wednesday,
January 20th, at which hearing the Commissioners' Court
voted to increase her salary in line with other increases,
if they had the power to do so.

"The Salaries of Brazoria County Officials come under
the provisions of Art. 3912 E Sec. 13, as amended the
pertinent part of which reads as follows: 'The Commission-
ers' Court in counties having a population of twenty
thousand (20,000) inhabitants or more, and less than one
hundred and ninety thousand (190,000) inhabitants accord-
ing to the last preceding Federal Census, is hereby
authorized and it shall be its duty to fix the salaries
of all the following named officers, to-wit: sheriff,
assessor and collector of taxes, county judge, county
attorney, including criminal district attorneys and
county attorneys who perform the duties of district

attorneys, district clerk, county clerk, treasurer, hide and animal inspector, Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 23, 1935; provided that in counties having a population of twenty thousand (20,000) and less than thirty-seven thousand five hundred (37,500) according to the last preceding Federal Census, and having an assessed valuation in excess of Fifteen Million ($15,000,000.00) Dollars, according to the last approved preceding tax roll of such county the Maximum amount allowed such officers as salaries may be increased one (1%) per cent for each One Million ($1,000,000.00) Dollars valuation or fractional part thereof, in excess of said Fifteen Million ($15,000,000.00) Dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935;. . ."

"The District Clerk's salary in question which was set on the 15th of January and reset on the 20th of January were both within the minimum and maximum limits of said Article above quoted.

"Question: Was the action of the Commissioners' Court on January 20th, in raising the salary of the District Clerk, valid?

"I find no law forbidding such action on the part of the Commissioners' Court. I will appreciate your letting me have your opinion on this question at your earliest convenience."

Opinion No. 0-4666 of this department, dated January 15th, 1943, is the opinion referred to by you, which was addressed to you.

We have likewise been unable to find any authorities forbidding the action taken by the commissioners' court. It is true that Section 2 of Article 3912e, V. A. C. S., requires the commissioners' court of every county in Texas at its first regular meeting in January of each year to determine whether certain precinct officers shall be placed on a salary or fee basis; this section also provides that in counties having a population of less than 20,000 inhabitants, according to the last preceding Federal Census that each commissioners' court shall at its first regular meeting in January of each year determine whether its county officers should be placed on a salary or fee basis. Section 15 of Article 3912e, V. A. C. S., also provides that the commissioners' court in counties

having a population of less than 20,000 inhabitants, according to the last preceding Federal Census, at the first regular meeting in January of each calendar year, may pass an order providing for compensation of all county and precinct officers on a salary basis. However, Sections 2 and 15 of Article 3912e, V. A. C. S., do not apply to the county officers of Brazoria County, said county having apopulation in excess of 20,000 inhabitants according to the lastpreceding Federal Census. Section 13 of Article 3912e, V. A. C. S., which governs the salaries of the county officers of Brazoria County, contains no specific requirement that salaries be set at the first regular meeting of the commissioners' court in January of each year.

It is our opinion, under the facts stated, that the action of the commissioners' court related in your letter, was and is valid.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Wm. J. Fanning

By

Wm. J. Fanning
.Assistant

APPROVED FEB. 6, 1943
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED Opinion Committee
By BWB, Chairman

WJF:db/ cg